UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ORLANDO VALERIO,

                    Plaintiff,

v.

K.A.M. FOOD STORE, INC.,
    d/b/a Met Foods,
MAHMOUD HASSAN DOLAH, an individual,
KHALID DOLAH, an individual,
AMIN DOLAH, an individual,

                    Defendants.

Case No. 1:19-cv-00593-MKB-LB

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**Penn A. Dodson (PD 2244)**
ANDERSONDODSON, P.C.
*penn@andersondodson.com*
11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

# Table of Contents

I.      PRELIMINARY STATEMENT..............................................................................1

II.     PROCEDURAL HISTORY ..................................................................................1

III.    JURISDICTION IS PROPER. ...............................................................................2

IV.     JOINT AND SEVERAL LIABILITY ....................................................................3

     A.      KAM BEARS LIABILITY ...........................................................................3

     B.      The Individual Defendants Bear Personal Liability........................................4

          1.    Defendant Mahmoud bears personal liability...........................................4

          2.    Defendant Khalid bears personal liability ................................................5

          3.    Defendant Amin bears personal liability...................................................6

V.      PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DAMAGES .......................6

     A.      ACTUAL DAMAGES..................................................................................7

     B.      LIQUIDATED DAMAGES...........................................................................8

          1.    FLSA ....................................................................................................8

          2.    NYLL ...................................................................................................8

     C.      FAILURE TO FURNISH A PROPER WAGE NOTICE/WAGE STATEMENT.......9

     D.      INTEREST ...............................................................................................9

          1.    Pre-judgment interest on state law claim ..................................................9

          2.    Post-judgment interest on all amounts awarded .................................... 10

     E.      ATTORNEYS' FEES AND COSTS............................................................. 11

VI.     APPLICATION OF LAW TO FACTS & DAMAGE CALCULATIONS ............................ 11

VII.    CONCLUSION............................................................................................... 13

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 2

## I.   PRELIMINARY STATEMENT

As alleged in his Complaint, Plaintiff worked at Defendants' grocery store as a chicken cutter for approximately two and a half years, from October 5, 2015 to May 3, 2018. [Cplt. ¶ 1; Valerio Decl. ¶ 2].  During this time, Plaintiff worked, on average, approximately 47 hours a week, but was not properly paid for any overtime worked. [Cplt. ¶ 36; Valerio Decl. ¶ 3, ¶ 5, ¶ 10].  More specifically, when Plaintiff worked more than 40 hours a week, he never received compensation for those overtime hours. [Cplt. ¶ 33, ¶ 34, ¶ 35, ¶ 36, ¶ 37, ¶ 40, ¶ 49; Valerio Decl. ¶ 3, ¶ 4, ¶ 5, ¶ 10].  Instead, Plaintiff only received a flat amount per week, regardless of the number of hours he had worked that particular week. [Cplt. ¶ 33, ¶ 34, ¶ 36; Valerio Decl. ¶ 4].  Moreover, when the total number of hours worked by Plaintiff is divided by the weekly pay he received, the hourly rate is below New York's minimum wage requirements in effect at that time. [Cplt. ¶ 38].

Defendants having wholly failed to respond to the instant action, Plaintiff now moves for a default judgment and for the following discrete elements of damages:

- Unpaid overtime wages
- Minimum wage shortfall
- Statutory penalties for lack of NYLL-required pay stubs
- Statutory penalties for lack of NYLL-required wage notice
- Liquidated damages
- Attorney fees and costs

## II.  PROCEDURAL HISTORY

Plaintiff brought the instant action against Defendants K.A.M. Food Store, Inc. d/b/a Met Foods (hereinafter "KAM"), Mahmoud Hassan Dolah (hereinafter "Mahmoud"), Khalid Dolah (hereinafter "Khalid"), and Amin Dolah (hereinafter "Amin"), by way of a Complaint filed on January 30, 2019. [Dkt. 1].

Defendant KAM was served with process by serving the summons and complaint upon a male, approximately 35 years old, who refused to give his true name and identity, at KAM's

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

registered business address located at 739 Nostrand Avenue, Brooklyn, NY 11216, on February 28, 2019. [Dkt. 10]. For extra measure, on March 29, 2019, the summons and complaint were re-served on Defendant KAM by serving the New York Secretary of State. [Dkt. 11].

On April 1, 2019, Defendant Mahmoud was served with process by serving the summons and complaint upon an individual who refused to give his true name and identity but stated that he was a co-worker of Mahmoud. [Dkt. 13]. A copy of the summons and complaint was also mailed to Mahmoud on April 3, 2019, through regular first-class U.S. Mail, to KAM's registered business address located at 739 Nostrand Avenue, Brooklyn, NY 11216. [Dkt. 13].

Similarly, on April 1, 2019, Defendant Khalid was served with process by serving the summons and complaint on an individual who stated that he was a co-worker of Khalid but refused to give his name. [Dkt. 14]. On April 3, 2019, a copy of the summons and complaint was also mailed to Khalid, through regular first-class U.S. Mail to KAM's registered business address located at 739 Nostrand Avenue, Brooklyn, NY 11216. [Dkt. 14].

Finally, Defendant Amin was served in an identical way. On April 1, 2019, copy of the summons and complaint was served on a man who refused to give his real name and identity but stated that he was a co-worker of Amin. [Dkt. 12]. On April 3, 2019, a copy of the summons and complaint was mailed to Amin at KAM's registered business address located at 739 Norstand Avenue, Brooklyn, NY 11216, through regular first-class U.S. Mail. [Dkt. 12].

After the time for Defendants to answer or otherwise respond to Plaintiffs' Complaint expired, the Clerk certified the default of all three Defendants on May 14, 2019. [Dkt. 16].

## III. JURISDICTION IS PROPER.

The Court has federal question jurisdiction based on the FLSA, and the Complaint has made sufficient allegations to establish FLSA coverage.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 2

In order to qualify for the protection of the FLSA, a plaintiff must establish either enterprise or individual coverage under the statute. See *Gomez v. El Rancho de Andres Carne de Tres Inc.*, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014); see also 29 U.S.C. § 203(s).  An enterprise is "engaged in commerce" where it "has employees engaged in [interstate] commerce or in the production of goods for [interstate commerce], or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for [interstate commerce]." 29 U.S.C. § 203(s)(1)(A). Also, Defendants must be deemed "employers" under the FLSA for liability to attach. See *Gomez*, at *4.  A plaintiff further makes out his burden by alleging that the individual defendant supervised, assigned work to, and/or controlled the rate of pay of the plaintiff. *Id*.

Here, Plaintiff has established FLSA coverage.  Plaintiff alleges that the Defendants' qualifying annual business exceeded $500,000 and that Defendants were engaged in interstate commerce within the meaning of the FLSA. Dkt. 1, ¶¶ 8-9; see *Jones v. East Brooklyn Services Corp. et al.*, 2012 WL 3235784, at *4 (E.D.N.Y. Aug.7, 2012) also alleged that all of the Defendants were his "employers" as more fully described immediately below.  Based on the above, Plaintiff has established that he is entitled to the protections of the FLSA and that Defendants are employers within the meaning of the statute..

## IV. JOINT AND SEVERAL LIABILITY

The corporate entity KAM was the Plaintiff's most direct "employer"; however, the individual Defendants bear liability as well.

### A.  KAM BEARS LIABILITY

There can be no question that KAM bears liability here. As alleged, there was unmistakably an employment relationship between the Plaintiff and KAM. (See e.g. Dkt. 1, ¶¶ 1, 6, 10, 31-33.)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 3

### B.   THE INDIVIDUAL DEFENDANTS BEAR PERSONAL LIABILITY.

The named individual defendants share liability, as they too were "employers" under the FLSA's broad definition of that term. 29 U.S.C. §203(a),(d). The Second Circuit's approach to employment for FLSA purposes is that it is to be treated as a flexible concept to be determined on a case-by-case basis by review of the totality of circumstances, and by applying a set of non-exhaustive factors to determine employment status. *Brown v. New York City Dept. of Educ.*, 755 F.3d 154, 167 (2d Cir. 2014) (making clear that there is no "single 'economic realities' test consisting of uniform factors" to be applied in every case; instead, the economic realities must be "assessed by reference to the particular situation with some factors more important than others depending on the FLSA question at issue and the context in which it arises.")

Some of the factors that various circuit courts, including the Second, have relied on include whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Herman v. RSR Security Services Ltd.*, 172 F.3d 132 (2d Cir. 1999).

New York Labor Law ("NYLL") provides similar coverage for individuals.  However, New York's common law test for who constitutes an "employer" for the purposes of the NYLL "focuses more on 'the degree of control exercised by the purported employer'" over the purported employee, "as opposed to the 'economic reality of the situation.'" *Hart v. Rick's Cabaret Int'l., Inc.*, 967 F.Supp.2d 901, 923 (S.D.N.Y.2013).

#### 1.   Defendant Mahmoud bears personal liability

Here, Plaintiff has alleged facts sufficient to meet both tests outlined above as to Defendant Mahmoud:

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 4

- Plaintiff considered Defendant Mahmoud to be his "boss." Complaint ¶16, ¶ 17; Valerio Decl. ¶ 11.
- Defendant Mahmoud had the power to hire and fire Plaintiff, set his pay rate, and dictate work tasks to Plaintiff. Complaint ¶16, ¶ 17; Valerio Decl. ¶ 11.
- Plaintiff was supervised by Defendant Mahmoud. Complaint ¶16, ¶ 17; Valerio Decl. ¶ 11.
- It was Plaintiff's understanding that Defendant Mahmoud was/is the CEO and general manager of KAM. Complaint ¶12, ¶ 13, ¶14, ¶ 15, ¶16, ¶ 17; Valerio Decl. ¶ 11.
- Defendant Mahmoud was Plaintiff's boss when Plaintiff worked for KAM. Complaint ¶12, ¶ 13, ¶14, ¶ 15, ¶16, ¶ 17; Valerio Decl. ¶ 11.
- At all times material to this action, Defendant Mahmoud actively participated in the business of KAM. Complaint ¶15.
- At all times material to this action, Defendant Mahmoud exercised substantial control over the functions of KAM's employees including Plaintiff. Complaint ¶16, ¶ 17; Valerio Decl. ¶ 11.
- At all times material to this action, Defendant Mahmoud was an additional "employer" of the Plaintiffs as defined by § 203(b) of the FLSA. Complaint ¶12, ¶ 13, ¶14, ¶ 15, ¶16, ¶ 17.

These factors are more than sufficient to establish that, looking at the economic realities of Plaintiff's employment, the Defendant Mahmoud was Plaintiff's "employer" and as such should be found to be jointly and severally liable for the violations complained of herein.

### 2.    Defendant Khalid bears personal liability

Plaintiff has also alleged facts sufficient to meet both tests as to Defendant Khalid:

- Plaintiff considered Defendant Khalid to be one of his "bosses." Complaint ¶19, ¶ 20, ¶ 21, ¶ 22, ¶ 23; Valerio Decl. ¶ 12.
- Defendant Khalid had the power to hire and fire Plaintiff, set his pay rate, and dictate work tasks to Plaintiff. Complaint ¶22, ¶ 23; Valerio Decl. ¶ 12.
- Plaintiff was supervised by Defendant Khalid. Complaint ¶ 22, ¶ 23; Valerio Decl. ¶ 12.
- It was Plaintiff's understanding that Defendant Khalid was/is a manager of KAM. Complaint ¶19, ¶ 20, ¶ 21, ¶ 22, ¶ 23; Valerio Decl. ¶ 12.
- Defendant Khalid was Plaintiff's boss when Plaintiff worked for KAM. Complaint ¶19, ¶ 20, ¶ 21, ¶ 22, ¶ 23; Valerio Decl. ¶ 12.
- At all times material to this action, Defendant Khalid actively participated in the business of KAM. Complaint ¶ 21.
- At all times material to this action, Defendant Khalid exercised substantial control over the functions of KAM's employees including Plaintiff. Complaint ¶ 22, ¶ 23; Valerio Decl. ¶ 12.
- At all times material to this action, Defendant Khalid was an additional "employer" of the Plaintiffs as defined by § 203(b) of the FLSA. Complaint ¶19, ¶ 20, ¶ 21, ¶ 22, ¶ 23.

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 5

Again, these factors establish that, given the economic realities of Plaintiff's employment and Defendant Khalid's control over Plaintiff, Defendant Khalid was Plaintiff's "employer." Thus, Defendant Khalid should be found jointly and severally liable for the violations complained of herein.

### 3.    Defendant Amin bears personal liability

The facts below show that both tests are satisfied as to Defendant Amin's role as Plaintiff's employer:

- Plaintiff considered Defendant Amin to be one of his "bosses."  Complaint ¶ 26, ¶ 27, ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- Defendant Amin had the power to hire and fire Plaintiff, set his pay rate, and dictate work tasks to Plaintiff. Complaint ¶ 26, ¶ 27, ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- Plaintiff was supervised by Defendant Amin. Complaint ¶ 26, ¶ 27, ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- It was Plaintiff's understanding that Defendant Amin was/is a manager of KAM. Complaint ¶ 26, ¶ 27, ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- Defendant Amin was Plaintiff's boss when Plaintiff worked for KAM. Complaint ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- At all times material to this action, Defendant Amin actively participated in the business of KAM. Complaint ¶ 27.
- At all times material to this action, Defendant Amin exercised substantial control over the functions of KAM's employees including Plaintiff. Complaint ¶ 28, ¶ 29; Valerio Decl. ¶ 13.
- At all times material to this action, Defendant Amin was an additional "employer" of the Plaintiffs as defined by § 203(b) of the FLSA.  Complaint ¶ 26, ¶ 27, ¶ 28, ¶ 29.

These factors reflect that the economic realities of Plaintiff's employment, and Defendant Amin's role as one of Plaintiff's bosses. As Defendant Amin was Plaintiff's "employer" as defined by the NYLL and FLSA, Defendant Amin should be found jointly and severally liable for the violations complained of herein.

## V.  PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DAMAGES

The Defendants' default is an admission to the Plaintiff's well-pleaded allegations, except as they relate to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155,

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 6

158 (2d Cir.1992). Damages must be established to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997); *Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412 (S.D.N.Y. Jan. 7, 2004) (collecting cases).

As evidenced from the well pleaded facts in the complaint, Plaintiff has established the following:

### A.    ACTUAL DAMAGES

Under the FLSA and the NYLL, plaintiff is entitled to his actual damages, i.e. his unpaid wages, minimum wages and/or his unpaid overtime wages, as the case may be. See 29 U.S.C. § 216(b); NYLL §§ 198, 663.

A plaintiff, however, is only entitled to obtain actual damages for such unpaid wages that accrued during the applicable limitations period. See 29 U.S.C. § 255(a)*Villegas v. Monica Rest. Corp.*, 2013 WL 4046261, at *3 (E.D.N.Y. Aug. 8, 2013) In contrast to the FLSA's two- or three-year statute of limitations periods, claims under the NYLL are subject to a six-year statute of limitations period. See NYLL §§198(3); *Villegas*, 2013 WL 4046261, at * 3 (noting the differing statute of limitations periods applicable to the FLSA and the NYLL and allowing the plaintiff to recover for damages that accrued during the NYLL's six-year statute of limitations period). Under Fed. R. Civ. P. 8(c), a statute of limitations defense is an affirmative defense that must be asserted in a responsive pleading. See *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 967 (2d Cir. 1980).   As such, failure to plead an affirmative defense "results in 'the waiver of that defense and its exclusion from the case.'" *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984), quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1278, at 339 (1969)).   Regardless, as the Plaintiff's employment occurred within the NYLL's six-year statute of limitations period, this defense would be moot.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 7

Here, Plaintiff is claiming damages for wholly unpaid overtime wages and the difference between the amount he received and the amount he should have received given New York's minimum wage requirements at that time.

### B.   LIQUIDATED DAMAGES

#### 1.   FLSA

Under the FLSA, a plaintiff is entitled to liquidated damages in the amount of 100% the actual damages owed. See 29 U.S.C. § 216(b), *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); *Herman v. RSR Security Services LTD,* 172 F.3d 132, 142 (2d Cir. 1999).  In order to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield*, 537 F.3d at 150; *Herman*, 172 F.3d at 142.  With that bar set so high, the Second Circuit has confirmed that "double damages [are] the norm and single damages the exception." *Id*.  Plaintiffs here are entitled to recover liquidated damages on their unpaid overtime wages under the FLSA for the entirety of the relevant statutory period. See *Villegas*, 2013 WL 4046261 at *3; *Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011).

Furthermore, Defendants, who have failed to answer or otherwise respond to the instant action, have done nothing to demonstrate that they reasonably and in good faith failed to pay Plaintiff his required overtime wages.  As such, the general rule of double damages for FLSA claims applies here, and Plaintiff should be entitled to liquidated damages on his actual damages.

#### 2.   NYLL

Since the law changed effective April 9, 2011, plaintiffs can recover liquidated damages in the amount of 100% of their actual damages under state law as well. See NYLL §§ 198(1-a). Further, since November 24, 2009, under the NYLL, the employer must pay liquidated damages

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 8

"unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL §§ 198, 663.

Under the NYLL, a plaintiff is entitled to recover the applicable liquidated damages for any actual damages he or she incurred during the NYLL's six-year statute of limitations period. See, e.g., *Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 682 (S.D.N.Y. 2011).

However, plaintiffs may not recover "stacked" liquidated damages. *Chowdhury v. Hamza Express Food Corp.*, No. 15-3142-cv (2d Cir. 2016). As between the state and federal remedies, they may only recover the greater of the two but not both. Id. Thus, here Plaintiff seeks liquidated damages on the greater of the two protections, which here is the NYLL's coverage.

## C.  FAILURE TO FURNISH A PROPER WAGE NOTICE/WAGE STATEMENT

Under the NYLL, employers are required to furnish their employees with notices containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee. See NYLL § 195(1)f an employer fails to provide an employee with the required wage notice, the employer is liable to the employee for weekly statutory damages, which are capped at $5,000. NYLL § 198(1-d).

Similarly, employers are required to furnish their employees with accurate wage statements on every payday, listing specifically enumerated criteria. See NYLL §195(3).  If an employer fails to provide an employee with the required wage statement, the employer is liable to the employee for weekly statutory damages, which are capped at $5,000.00 NYLL § 198(1-d).

## D.  INTEREST

### 1.  Pre-judgment interest on state law claim

In addition to the liquidated damages, Plaintiff is entitled to recover pre-judgment interest on his unpaid overtime claims under the NYLL. *Reilly v. Natwest Markets Group Inc.*, 181 F.3d

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 9

253, 265 (2d Cir. 1999); *Chandler v. Bombardier Capital Inc.*, 44 F.3d 80, 83 (2d Cir. 1994);

851 F. Supp. 2d 583 (S.D.N.Y. 2012); *Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012);

*Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011); *Pavia v. Around The Clock Grocery, Inc..Pavia v. Around The Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005).

### 2.    Post-judgment interest on all amounts awarded

Aside from pre-judgment interest, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) citing 28 U.S.C. § 1961(a); see also *Ramnarain v. City of New York*, 474 F. Supp. 2d 443, 448 (E.D.N.Y. 2007). Post-judgment interest is calculated by the Clerk of the Court pursuant to the provisions of 28 U.S.C. § 1961, and is available on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Post-judgment interest is computed daily and compounded annually to the date of payment. 28 U.S.C. § 1961(b). The purpose of awarding post-judgment interest is to compensate a plaintiff for the delay suffered from the time his damages were entered into an enforceable judgment, until the time that the defendant(s) ultimately pay the judgment. See, e.g., *U.S. v. Tate & Lyle North American Sugars, Inc.*, 228 F. Supp. 2d 308, 326 (S.D.N.Y. 2002).

Accordingly, as the prevailing party on his federal claims, Plaintiff is entitled to post-judgment interest on all money awards (those awarded by the Court and requested in the sections of this motion above and below) in accordance with the provisions of 28 U.S.C. § 1961.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 10

E.    ATTORNEYS' FEES AND COSTS

The FLSA and NYLL are fee-shifting statutes that entitle the prevailing party to recover its reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) ("In any action . . . in which the employee prevails, the court *shall* allow such employee reasonable attorney's fees . . .") (emphasis added).  Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, upon entry of default, Plaintiff will have altered the legal relationship between himself and the Defendants, and thus will be the prevailing party, a conclusion which will be strengthened by any monetary award that the Court grants Plaintiff pursuant to this motion. As such, Plaintiff will be separately moving for an award of fees and costs.

VI.    APPLICATION OF LAW TO FACTS & DAMAGE CALCULATIONS

Plaintiff Valerio worked for Defendants from October 10, 2015 to May 3, 2018. [Cplt. ¶ 1; Valerio Decl. ¶ 2].  All of the work Plaintiff performed for Defendants falls within the NYLL statute of limitations. Part of Plaintiff's work falls within the FLSA statute of limitations, which goes back two years to January 30, 2017. His rate of pay was initially $425 per week and increased incrementally to $550. [Cplt. ¶ 34; Valerio Decl. ¶ 4].

Plaintiff alleges that he worked more than 40 hours a week but was paid a flat rate per week. [Cplt. ¶ 33, ¶ 34, ¶ 35, ¶ 36, ¶ 37, ¶ 40, ¶ 49; Valerio Decl. ¶ 3, ¶ 4, ¶ 5, ¶ 10].  Plaintiff never received compensation for any overtime hours worked. [Cplt. ¶ 33, ¶ 34, ¶ 35, ¶ 36, ¶ 37, ¶ 40, ¶ 49; Valerio Decl. ¶ 3, ¶ 4, ¶ 5].

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 11

Plaintiff generally worked Monday through Friday and every other Sunday, from 8:00 a.m. to 6:00 or 7:00 p.m. with a one-hour lunch break. [Cplt. ¶ 35; Valerio Decl. ¶ 5]. On alternating Wednesdays, he would work either the full day or from 12:00 p.m. to 5:00 p.m. [Cplt. ¶ 35; Valerio Decl. ¶ 5]. Defendants did not keep track of Plaintiff's hours, other than by providing a time clock by which employees, including Plaintiff, were required to clock in and out. [Cplt. ¶ 36; Valerio Decl. ¶ 9].

However, Plaintiff kept some time cards from late 2017 to early 2018 which cover 35 workweeks. [Valerio Decl. ¶ 8, Ex. I-1]. These time cards show that in all but two weeks, Plaintiff worked well over 40 hours a week. [Ex. I-1; Ex. J-1]. Defendants did not keep track of Plaintiff's hours, other than by providing a time clock by which employees, including Plaintiff, were required to clock in and out. [Cplt. ¶ 36; Valerio Decl. ¶ 9]. In weeks Plaintiff worked overtime, he worked an average of 7.377 overtime hours. [Cplt. ¶ 36; Dodson Decl. ¶ 19, Ex. J-1]. However, overall, taking into account weeks Plaintiff did not work overtime, Plaintiff worked an average of 46.941 hours a week. [Cplt. ¶ 36; Dodson Decl. ¶ 19, Ex. J-1]. For the nearly two-and-a-half-year period in which Plaintiff worked for Defendants, he never received compensation for overtime. [Cplt. ¶ 33, ¶ 34, ¶ 35, ¶ 36, ¶ 37, ¶ 40, ¶ 49; Valerio Decl. ¶ 3, ¶ 4, ¶ 5]. Based on Plaintiff's recollection regarding when his weekly pay increased, that weekly rate is divided by 40, assuming a 40-hour workweek. [Valerio Decl. ¶ 4; Dodson Decl. ¶ 20, ¶ 21]. Then, that figure is multiplied by 1.5 to calculate his overtime rate. This rate is then multiplied by 6.941, the average number of hours Plaintiff worked overtime. This results in unpaid overtime in the amount of $17,232.53.

Additionally, Plaintiff was not paid the statutory minimum wage when his overtime hours are taken into account. During the time periods in question, New York minimum wage rates applicable to Defendants were the following:

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 12

- 2015...........................................................................$8.75
- 2016...........................................................................$9.00
- 2017...........................................................................$11.00
- 2018...........................................................................$13.00

The minimum wage shortfall owed Plaintiff can be calculated by dividing the amount he received per week by the sum of 40 regular hours plus 1.5 times the average overtime hours of 6.941. For most workweeks, there was a shortfall relative to the minimum wage rate in effect at that time. This results in underpaid minimum wages in the amount of $4,942.64.

Defendants also did not provide Plaintiff pay stubs or any paperwork showing the hours he worked each week, his rate of pay, or any deductions.  [Cplt. ¶ 41, ¶ 51, ¶ 52; Valerio Decl. ¶ 7]. Further, Defendants never issued him any kind of "wage notice" when he first started working there (or any time thereafter) showing his pay rate, the pay day, and their address and telephone number.  [Cplt. ¶ 51, ¶ 52; Valerio Decl. ¶ 6].  For these infractions Defendants owe Plaintiff $5,000 for each, for a total of $10,000. NYLL §§195(1) and (3), 198.

Thus, Plaintiff's damages consist of the following:

- Unpaid overtime..............................................$17,232.53
- Liquidated dates (overtime)….........................$17,232.53
- Minimum wage shortfall …..............................$4,942.64
- Liquidated damages (minimum wage)…..............$4,942.64
- Wage notice penalty.......…..............................$5,000.00
- Pay stubs penalty.............................................$5,000.00
- **TOTAL**..............................................................**$54,359.34***

*plus interest and attorney fees

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter an Order against Defendants awarding:

(1) actual damages under the NYLL and FLSA in the amount of $22,175.17, consisting of the

following components:

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 13

    a.   Unpaid overtime.............................................................$17,232.53

    b.   Minimum wage shortfall................................................$4,942.64

(2) liquidated damages under the FLSA and NYLL in the amount of $22,175.17;

(3) statutory damages under the NYLL in the amount of $10,000;

(4) pre-judgment interest under the NYLL;

(5) post-judgment interest on all monies due at a daily rate to be determined by the Clerk of

    the Court until the Defendants comply with the judgment;

(6) reasonable attorney fees and costs, to be later decided, and

(7) any such other and further relief as the Court deems proper.


Respectfully submitted, this **18th** day of **June, 2019.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

Attorney for Plaintiff


11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 14

## <u>LIST OF EXHIBITS</u>

A.  Complaint [Dkt 1]
B.  Affidavit of Service – KAM [Dkt 10]
C.  Affidavit of Service – KAM through Secretary of State [Dkt 11]
D.  Affidavit of Service – Amin Dolah [Dkt 12]
E.  Affidavit of Service – Mahmoud Hassan Dolah [Dkt 13]
F.  Affidavit of Service – Khalid Dolah [Dkt 14]
G.  Request for Clerk's Entry of Default [Dkt 15]
H.  Clerk's Entry of Default [Dkt 16]
I.  Declaration of Plaintiff
    1.  Time cards for Plaintiff for late 2017 to early 2018
J.  Declaration of Penn Dodson, Esq.
    1.  Spreadsheet of hours worked based on Plaintiff's time cards

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ORLANDO VALERIO,

              Plaintiff,

v.

K.A.M. FOOD STORE, INC.,
  d/b/a Met Foods,
MAHMOUD HASSAN DOLAH, an individual,
KHALID DOLAH, an individual,
AMIN DOLAH, an individual,

              Defendants.

Case No. 1:19-cv-00593-MKB-LB

---

**[Proposed]**
**DEFAULT JUDGMENT**

MARGO K. BRODIE, District Judge:

      The Clerk of Court is directed to enter judgment against Defendants K.A.M Food Store, Inc.,

d/b/a Met Foods, Mahmoud Hassan Dolah, Khalid Dolah, and Amin Dolah, jointly and severally, in

favor of the Plaintiff, in the following amounts:

    (1) actual damages under the NYLL and FLSA in the amount of $22,175.17, consisting of the

        following components:

          a.  Unpaid overtime............................................................$17,232.53
          b.  Minimum wage shortfall................................................$4,942.64

    (2) liquidated damages under the FLSA and NYLL in the amount of $22,175.17;

    (3) statutory damages under the NYLL in the amount of $10,000;

    (4) pre-judgment interest under the NYLL;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

(5) post-judgment interest on all monies due at a daily rate to be determined by the Clerk of
the Court until the Defendants comply with the judgment;

(6) reasonable attorney fees and costs, to be later decided, and

(7) _____

_____

_____

_____


SO ORDERED.


_____
HON. MARGO K. BRODIE
United States District Judge


Dated: _____, 2019
Brooklyn, New York

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**ORLANDO VALERIO,**

        Plaintiff,

v.

**K.A.M. FOOD STORE, INC.,**
  d/b/a Met Foods,
**MAHMOUD HASSAN DOLAH,** an individual,
**KHALID DOLAH,** an individual,
**AMIN DOLAH,** an individual,

        Defendants.

Case No. 1:19-cv-00593-MKB-LB

---

## CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed the foregoing **Notice of Motion for Default Judgment**, accompanied by a memorandum of law in support as well as declarations and exhibits, with the Clerk of Court of the United States District Court, Eastern District of New York, using the CM/ECF system and have directed my staff to send copies to Defendants via US Mail, with adequate postage affixed thereon, addressed as follows:

Mahmoud Hassan Dolah
Khalid Dolah
Amin Dolah
K.A.M. Food Store, Inc. d/b/a Met Foods
739 Nostrand Ave.
Brooklyn, NY 11216

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

Respectfully submitted, this **18th** day of **June, 2019.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 2