UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**ORLANDO VALERIO,**

          Plaintiff,

v.

**K.A.M. FOOD STORE, INC.,**
  d/b/a Met Foods,
**MAHMOUD HASSAN DOLAH,** an individual,
**KHALID DOLAH,** an individual,
**AMIN DOLAH,** an individual,

          Defendants.

Case No. 1:19-cv-00593-MKB-LB

---

### DECLARATION OF PENN DODSON, ESQ.

1. I am at least 18 years old, am competent to write this declaration, and am giving this declaration on the basis of personal knowledge of facts and circumstances stated herein.

2. I am an attorney authorized and licensed to practice law in this State and this Court.

3. I represent the Plaintiff in the above-captioned action and have been responsible for its management throughout the duration of litigation.

4. I make this declaration in support of Plaintiff's Motion for Default Judgment.

5. We filed the Complaint in this action on January 30, 2019. A copy of the Complaint is attached hereto as Exhibit A. [Dkt 1].

6. Service of the Summons and Complaint upon Defendant K.A.M. Food Store, Inc. D/b/a Met Foods ("Met Foods"), was effectuated on February 28, 2019, by delivering and leaving a true copy of the Summons and Complaint with a man who refused to identify himself but stated that he was aware of Defendant Met Foods, at 739 Nostrand Avenue, Brooklyn, NY 11216, Defendant Met Foods' business address. A copy of the Affidavit of Service with respect to Defendant Met Foods is attached hereto as Exhibit B. [Dkt 10].

7. While I believe the above service to have been legally sufficient, I also directed that the company be formally served again.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

8. On March 29, 2019, the Summons and Complaint were re-served on Defendant Met Foods by delivering and leaving a true copy of the Summons and Complaint with Sue Zouky, the Legal Clerk at the New York Secretary of State. A copy of the Affidavit of Service with respect to Defendant Met Foods is attached hereto as Exhibit C. [Dkt 11].

9. Service of the Summons and Complaint upon Defendant Mahmoud Hassan Dolah ("Mahmoud"), was effectuated on April 1, 2019, by delivering and leaving a true copy of the Summons and Complaint with a man who refused to identify himself but stated that he was a co-worker of Defendant Mahmoud, at 739 Nostrand Avenue, Brooklyn, NY 11216, Defendant Mahmoud's business address. On April 3, 2019, a copy of the Summons and Complaint were also mailed to Defendant Mahmoud's business address. A copy of the Affidavit of Service with respect to Defendant Mahmoud is attached hereto as Exhibit E. [Dkt 13].

10. Service of the Summons and Complaint upon Defendant Khalid Dolah ("Khalid"), was effectuated on April 1, 2019, by delivering and leaving a true copy of the Summons and Complaint with a man who refused to identify himself but stated that he was a co-worker of Defendant Khalid, at 739 Nostrand Avenue, Brooklyn, NY 11216, Defendant Khalid's business address. On April 3, 2019, a copy of the Summons and Complaint were also mailed to Defendant Khalid's business address. A copy of the Affidavit of Service with respect to Defendant Khalid is attached hereto as Exhibit F. [Dkt 14].

11. Service of the Summons and Complaint upon Defendant Amin Dolah ("Amin"), was effectuated on April 1, 2019, by delivering and leaving a true copy of the Summons and Complaint with a man who refused to identify himself but stated that he was a co-worker of Defendant Amin, at 739 Nostrand Avenue, Brooklyn, NY 11216, Defendant Amin's business address. On April 3, 2019, a copy of the Summons and Complaint were also mailed to Defendant Amin's business address. A copy of the Affidavit of Service with respect to Defendant Amin is attached hereto as Exhibit D. [Dkt 12].

12. The time for Defendants to answer or otherwise move with respect to the Complaint herein has expired.

13. On May 9, 2019, we filed a Request for Clerk's Certificate of Default. A copy of the Request for Clerk's Certificate is attached hereto as Exhibit G. [Dkt 15].

14. On May 14, 2019, the Deputy Clerk of Court, Jalitza Poveda, entered a Certificate of Default on this matter, noting the defaults of Defendant Met Foods, Defendant Mahmoud, Defendant Khalid, and Defendant Amin. A copy of the Clerk of Court's Certificate of Default is attached hereto as Exhibit H. [Dkt 16].

15. The Court is respectfully referred to the calculations of damages below. Said damages do not include attorney's fees and costs which Plaintiff's counsel will move for upon entry of default.

16. Attached hereto as is a spreadsheet that I set up and directed team members to enter data into:

1. Exhibit J-1: Hours Worked (computed from available time cards)
2. Exhibit J-2: Averages Computed From Available Data
3. Exhibit J-3: Damages Owed

17. Plaintiff Valerio provided, in no particular order, photos of the time cards that he had in his possession as attached to his declaration as Ex. I-1. He indicated that these were from late 2017 and early 2018. These contain day of the week and date within the month but no indication of which month they are for. However, by cross referencing these with a calendar and ascertaining that, for example, an indication of the 7th of the month occurring during a Sunday, during the time period these records cover, means it must have been for the month of January, 2018. On the second part of J-1 under the columns "month" and "year" I did my best to narrow it down to 1 or 2 months that the time card could possibly be for, and made my best guesses accordingly.

18. Plaintiff Valerio worked for the Defendants from October 5, 2015 to May 3, 2018. Normally, he worked Monday through Friday and every other Sunday. On Wednesdays, he would alternate between working all day one Wednesday, and working half a day from 12:00 p.m. to 5:00 p.m. the next Wednesday. Generally, he would arrive to work at 8:00 a.m. and leave work between 6:00 p.m. and 7:00 p.m. with an hour break for lunch. Putting these factors together, it would appear he worked approximately 48 hours per week.

19. My staff entered the data from the time cards line by line into a spreadsheet. These timesheets cover 35 weeks and, in all but two of these weeks, Plaintiff Valerio worked overtime. In workweeks in which he did work overtime, his average overtime hours were 7.377 per week. Overall, if the workweeks in which he worked less are included, he worked an average of 46.941 hours. Thus, I used the average rate of 6.941 hours per week of overtime.

20. Plaintiff Valerio started out receiving $425 per week in 2015, and this gradually increased, ending at a rate of $550 per week. Based on my client's best recollection as to when the rates were increased, I used this information to make the appropriate adjustments in the spreadsheet.

21. Using all of the data outlined above, I was able to calculate Plaintiff Valerio's overtime owed as follows. First, the presumption for overtime rate calculation purposes is that a flat weekly rate is for 40 hours of work per week. Therefore, I divided his weekly rate by 40 to get Plaintiff Valerio's "regular rate" and multiplied that figure by 1.5 to get his overtime rate. For each workweek, I multiplied that rate times the 6.941 hours of overtime he worked on average. This results in unpaid overtime in the amount of $17,232.53.

22. I calculated Plaintiff Valerio's minimum wage shortfall by dividing the amount he received per week by the sum of 40 regular hours plus 1.5 times the average overtime hours of 6.941. For most workweeks, this resulted in a shortfall relative to the applicable minimum wage

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 3

rate in effect at the time. This resulted in underpaid minimum wages in the amount of $4,942.64.

23. In addition, under the NYLL, if an employer fails to provide an employee with the required wage notice, the employer is liable to the employee for weekly statutory damages, which are capped at $5,000. NYLL § 198(1-d).

24. Defendants failed to provide the required wage notice to Plaintiff Valerio.

25. Employers are also required to provide their employees with accurate wage statements on every payday under the NY §195(3). If an employer fails to provide an employee with the required wage statement, the employer is liable to the employee for weekly statutory damages, which are capped at $5,000.00 NYLL § 198(1-d).

26. Defendants failed to provide the required wage statements to Plaintiff Valerio.

27. Therefore, the damages are as follows:

    Overtime..................................................................$17,232.53

    Liquidated Damages (Overtime)…...........................$17,232.53

    Minimum Wage Shortfall..........................................$4,942.64

    Liquidated Damages (Minimum Wage Shortfall)…..$4,942.64

    Wage Notice.............................................................$5,000.00

    Paystubs...................................................................$5,000.00

    TOTAL...................................................................$54,350.34

28. Therefore, damages owed to Plaintiff Valerio, excluding interest, attorneys fees and costs, is $54,350.34.

I solemnly declare that the foregoing is true and correct to the best of my knowledge, under penalty of perjury.

Dated: June 18th, 2019.
      New York, NY

                                          ANDERSONDODSON, P.C.

                                          */s/ Penn Dodson*

                                          **Penn U. Dodson** (PD 2244)
                                          *penn@andersondodson.com*
                                          Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 4

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Valerio v. K.A.M. Food Store, Inc. et al*
Case No. 1:19-cv-00593-MKB-LB

Ps' Motion for Default
Page 5