UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

ORLANDO VALERIO,

                        Plaintiff,

               v.

K.A.M. FOOD STORE, INC. *doing business
as Met Foods*, MAHMOUD HASSAN DOLAH,
KHALID DOLAH, and AMIN DOLAH

                     Defendants.

------------------------------------------------------------------

**ORDER**
19-CV-00593 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

     Plaintiff Orlando Valerio commenced the above-captioned action on January 30, 2019, against Defendants K.A.M. Food Store Inc. doing business as Met Foods ("K.A.M."), Mahmoud Hassan Dolah, Khalid Dolah, and Amin Dolah (collectively, "Defendants"). (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants violated his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 195–198 and Art. 19 § 650, *et seq.* ("NYLL"). *Id.* Plaintiff sought and obtained an entry of default against Defendants, (Req. for Certificate of Default, Docket Entry No. 15; Clerk's Entry of Default, Docket Entry No. 16), and subsequently moved for a default judgment, requesting damages in the amount of $54,359.34, plus attorney's fees, (Pls. Mot. for Default J., Docket Entry No. 17). On August 29, 2019, the Court referred Plaintiff's motion to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Aug. 29, 2019.)

     By report and recommendation dated December 26, 2019, Judge Bloom recommended that the Court grant in part and deny in part Plaintiff's motion and enter a judgment against Defendants in the amount of $44,231.66, plus interest (the "R&R"). (R&R 1, Docket Entry No.

18.)  Specifically, Judge Bloom recommended that the Court award Plaintiff $17,115.83 in unpaid overtime wages, $17,115.83 in liquidated damages, and $10,000 in statutory damages for failure to provide wage statements and wage notices.  (*Id.* at 11–13.)  Judge Bloom also recommended that the Court deny Plaintiff's request for unpaid minimum wages, as Plaintiff's hourly rate of pay during his entire period of employment by Defendants exceeded the hourly minimum wage enumerated in the NYLL.  (*Id.* at 8–10.)  Judge Bloom further recommended that the Court calculate pre-judgment interest using a daily pre-judgment interest rate of $4.22 multiplied by the number of days between the median date of Plaintiff's employment, January 18, 2017, and the date that judgment is entered.  (*Id.* at 13–14.)  As to post-judgment interest, Judge Bloom recommended that Plaintiff be awarded post-judgment interest at the default federal statutory rate.  (*Id.* at 14–15.)  Lastly, Judge Bloom recommended that Plaintiff be permitted to file a supplemental motion requesting attorney's fees and costs within fourteen days from the date of this Order.  (*Id.* at 15.)  No party has objected to the R&R and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F. 3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir. 1989) (per curiam))); *see also Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission

in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiff's motion for default judgment and awards Plaintiff damages in the amount of $44,231.66. This judgment is comprised of $17,115.83 in unpaid overtime wages, $17,115.83 in liquidated damages, and $10,000 in statutory damages. The Court denies Plaintiff's request for unpaid minimum wages, as there were none. The Court awards Plaintiff pre-judgment interest in the amount of $4.22 per day from January 18, 2017 until the date the Clerk of the Court enters this judgment, and awards post-judgment interest at the default federal statutory rate from the date this judgment is entered until the date of payment by Defendants. Plaintiff has fourteen days from the date of this Order to file a supplemental motion for attorney's fees and costs.

Dated: January 29, 2020
      Brooklyn, New York

SO ORDERED:

                        s/ MKB
                    MARGO K. BRODIE
                    United States District Judge